IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ANTHONY DEWAYNE JOHNSON, #45398                                      PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 2:22-cv-22-KS-MTP

LAMAR COUNTY SHERIFF DEPT.                                           DEFENDANT

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court sua sponte. *Pro se* Plaintiff Anthony Dewayne Johnson, an inmate at the Lamar County Jail in Purvis, Mississippi, files the instant Complaint pursuant to 42 U.S.C. § 1983.

On March 3, 2022, the Court entered two orders. The first order advised Plaintiff of the consequences of filing this civil action under the Prison Litigation Reform Act and directed Plaintiff to complete, sign, and return to this Court either an Acknowledgment of Receipt and Certification if he wished to continue with this lawsuit, or a Notice of Voluntary Dismissal, within thirty days. Order [3] at 1. The second order directed Plaintiff to pay the required filing fee or file a completed *in forma pauperis* application on or before April 4, 2022. Order [4] at 1.

When Plaintiff did not comply, the Court entered an Order to Show Cause, directing Plaintiff to show cause by May 10, 2022, why this case should not be dismissed for failure to obey the Court's prior orders and directing Plaintiff to comply with the prior orders [3] [4]. Order to Show Cause [5] at 1-2. The Order to Show Cause warned Plaintiff that his failure to timely comply may result in the dismissal of this case. *Id*. at 2. Plaintiff did not respond.

Since Plaintiff is proceeding *pro se*, he was provided one final opportunity to comply with the Court's orders before the dismissal of this case. On May 26, 2022, the Court entered a Final Order to Show Cause, directing Plaintiff to show cause by June 16, 2022, why this case should not be dismissed for failure to obey the Court's prior orders and directing Plaintiff to comply with the prior orders [3] [4] . Second and Final Order to Show Cause [6] at 2. The Final Order to Show Cause specifically warned Plaintiff that his "failure to timely comply with any order of the Court . . . will result in this cause being dismissed without prejudice and without further notice to the Plaintiff." *Id*. 2-3. The Final Order to Show Cause also warned Plaintiff that this was his "final opportunity to comply with the Orders [3] [4] entered by the Court on March 3, 2022, and Order to Show Cause entered on April 20, 2022." *Id*. at 3.

Plaintiff has not contacted this Court since the filing of this action on March 2, 2022, and he has failed to comply with four Court orders. The Court warned Plaintiff on previous occasions that failure to comply with orders would lead to the dismissal of this case. *See* Final Order to Show Cause [6] at 2-3; Order to Show Cause [5] at 2; Order [4] at 2; Order [3] at 2; Notice of Assignment [1-1] at 1. It is apparent from Plaintiff's failure to comply with the Court's orders that he lacks interest in pursuing this case.

The Court has the authority to dismiss an action for a Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar of cases that remain "dormant because of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-

31.   Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Dismissal without prejudice is warranted.   Accordingly, it is

ORDERED AND ADJUDGED that, this civil action is dismissed without prejudice for failure to obey the Court's Orders and to prosecute.   A separate judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

SO ORDERED AND ADJUDGED, this the   5th   day of July, 2022.

                                                            s/Keith Starrett
                                           UNITED STATES DISTRICT JUDGE